# Exhibit "B"

## Case Information

2021-DCL-03385 | Eddie Vela vs. Home Depot U.S.A., Inc.

| | | |
|---|---|---|
| Case Number<br>2021-DCL-03385 | Court<br>445th District Court | Judicial Officer<br>Rincones, Gloria M |
| File Date<br>06/07/2021 | Case Type<br>Other Injury or Damage | Case Status<br>Pending |

## Party

**Plaintiff**
Vela, Eddie

**Active Attorneys** ▼
Lead Attorney
AZIZ, MUHAMMAD SULEIMAN
Retained

**Defendant**
Home Depot U.S.A., Inc.

Address
Corporation Service Company d/b/a CSC-Lawyers Inco
211 E. 7th Street, Suite 620
Austin TX 78701

## Events and Hearings

**06/07/2021 Original Petition (OCA)** ▾

Comment
Plaintiff's Original Petition

**06/07/2021 Efiled Original Petition Document** ▾

Plaintiff's Original Petition

Comment
Plaintiff's Original Petition

**06/07/2021 Citation Issued** ▾

E-Sig - Citation - Personal Service

Comment
Emailed Citation to 'ignacio@martinezlegal.com', V.F.

**06/07/2021 Citation** ▾

Served
06/09/2021 11:06 AM

Anticipated Server
Civil Process Server

Anticipated Method
In Person

Actual Server
Civil Process Server

Returned
06/21/2021

**06/21/2021 Service Return** ▾

Defendant Home Depot U.S.A. Inc Return of Service

Comment
Defendant Home Depot U.S.A. Inc Return of Service

## Financial

Vela, Eddie

|           |                              |                        |             |           |
|-----------|------------------------------|------------------------|-------------|-----------|
|           | Total Financial Assessment   |                        |             | $315.00   |
|           | Total Payments and Credits   |                        |             | $315.00   |
| 6/7/2021  | Transaction Assessment       |                        |             | $315.00   |
| 6/7/2021  | E-File Electronic Payment    | Receipt # 2021-10632   | Vela, Eddie | ($315.00) |

## Documents

Plaintiff's Original Petition

E-Sig - Citation - Personal Service

Defendant Home Depot U.S.A. Inc Return of Service

FILED
6/7/2021 12:00 AM
2021-DCL-03385 / 54134509
LAURA PEREZ-REYES
Cameron County District Clerk
By Viviana Fuentes Deputy Clerk

CAUSE NO. 2021-DCL-03385

| | | |
|---|---|---|
| **EDDIE VELA,** | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CAMERON COUNTY, TEXAS |
| | § | |
| **HOME DEPOT U.S.A., INC.,** | § | Cameron County - 445th District Court |
| | § | |
| *Defendant.* | § | ____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

COMES NOW, Eddie Vela ("Plaintiff"), and files his Original Petition against Home Depot U.S.A., Inc. ("Defendant"), and in support thereof would respectfully show this Honorable Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1. Pursuant to Rules 190.1 and 190.4 of the Texas Rules of Civil Procedure, Plaintiff intends that discovery be conducted under Level 3.

### II.
### PARTIES

2. Plaintiff, Eddie Vela, is a resident of Cameron County, Texas.

3. Defendant, Home Depot U.S.A., Inc. ("Home Depot"), is a foreign corporation doing business in the State of Texas with a principal place of business in Texas. Defendant may be served through its registered agent: Corporation Service Company d/b/a CSC-Lawyers Inco, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

4. Plaintiff specifically invokes the right to institute this suit against whatever entity was conducting business using the assumed or common name of "Home Depot," with regard to the events described in this petition. Plaintiff expressly invokes his right under Rule 28 of the

Texas Rules of Civil Procedure to have the true name of this party substituted at a later time upon the motion of any party or one of the Court.

### III.
### JURISDICTION AND VENUE

5.  The Court has jurisdiction of the subject matter of this lawsuit and the amount in controversy is above the minimum jurisdictional limits of this Honorable Court as Plaintiff seeks aggregate monetary relief over $1,000,000.00. *See* TEX. R. CIV. P. 47.  Additionally, removal to federal court would be improper because this lawsuit does not involve a federal question, this lawsuit lacks diversity and/or because of the forum defendant rule.

6.  Pursuant to Texas Civil Practice and Remedies Code Section 15.002(a)(1), Cameron County is the proper venue because it is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

### IV.
### FACTS

7.  On or about July 17, 2020, Plaintiff Eddie Vela was an invitee on the premises of Home Depot #6984, a home improvement store owned and operated by Defendant Home Depot, located at 605 W. Morrison Road, Brownsville, Texas 78521.  As Plaintiff was shopping for lumber, a 2x4 fell off the second level of the lumber rack and struck him in the head, neck, back and shoulder.  As a result of the incident, Plaintiff suffered serious injuries.

### V.
### CAUSES OF ACTION AGAINST DEFENDANT

**A.   NEGLIGENCE**

8.  At the time and on the occasion in question, Defendant committed acts and omissions, which collectively and separately constituted negligence.  Defendant had a duty to exercise ordinary care, meaning the degree of care that would be used by an entity of ordinary

prudence under the same or similar circumstances. Defendant breached that duty in one or more of the following ways:

    a.    Failing to properly arrange lumber in the rack;

    b.    Failing to properly secure lumber in the rack;

    c.    Failing to maintain the rack and premises in a reasonable and safe condition;

    d.    Failing to correct the unreasonably dangerous condition created by the lumber in the rack;

    e.    Failing to warn invitees, including Plaintiff, of the unreasonably dangerous condition created by the lumber in the rack;

    f.    Failing to properly inspect the rack and premises in a timely manner;

    g.    Failing to properly train its employees regarding securing lumber in the rack;

    h.    Failing to properly supervise its employees regarding securing lumber in the rack;

    i.    Failing to implement proper policies, procedures and/or rules to make the premises reasonably safe;

    j.    Failing to use ordinary care in the hiring and retention of employees; and

    k.    Other acts or omissions deemed negligent.

9.    These breaches, among others, constituted negligence. Such negligence was a proximate cause of the accident and Plaintiff's injuries and damages.

**B.    PREMISES LIABILITY**

10.    Defendant owned, operated, maintained and controlled the premises where the incident occurred. Plaintiff was an invitee who entered Defendant's premises with Defendant's knowledge and for their mutual benefit. The condition of the area where Plaintiff was injured – the lumber rack – posed an unreasonable risk of harm, and Defendant and/or its employees knew or reasonably should have known of the unreasonably dangerous condition and/or situation. Plaintiff did not have actual knowledge of the unreasonably dangerous condition and/or situation.

Defendant had a duty to either warn Plaintiff of the unreasonably dangerous condition and/or situation, or make the unreasonably dangerous condition unreasonably safe. Defendant breached this duty by failing to adequately warn Plaintiff of this unreasonably dangerous condition and/or situation, and by failing to make the unreasonably dangerous condition and/or situation reasonably safe. Defendant's breaches of its duties proximately caused Plaintiff's injuries.

**C.    GROSS NEGLIGENCE**

11.    Plaintiff alleges that all acts, conduct, and/or omissions on the part of Defendant, taken singularly or in combination, constitute gross negligence and were the proximate cause of Plaintiff's injuries and damages. Defendant's acts and/or omissions, when viewed objectively from Defendant's standpoint at the time such acts and/or omissions occurred, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendant had actual, subjective awareness of the risk, but proceeded with conscious indifference to the rights, safety and welfare of Plaintiff with an intentional state of mind. Such gross negligence was a proximate cause of the occurrence and Plaintiff's injuries and damages. Therefore, Plaintiff is entitled to punitive and/or exemplary damages.

## VI.
## DAMAGES

12.    As a result of this incident, Plaintiff sustained serious injuries and seeks compensation for the following damages:

    a.    Past and future mental anguish;

    b.    Past and future physical pain and suffering;

    c.    Past and future bodily impairment and disability;

    d.    Past and future medical expenses;

    e.    Past and future lost wages and loss of earning capacity;

    f.      Loss of household services;

    g.      Loss of enjoyment of life;

    h.      Disfigurement and scarring;

    i.      Costs of suit;

    j.      Exemplary damages;

    k.      Pre-judgment and post-judgment interest as allowed by law; and

    l.      Any and all other damages to which Plaintiff may be justly entitled.

## VII.
## PRESERVATION OF EVIDENCE

13.    Plaintiff hereby requests and demands that Defendant and its agents, attorneys, and insurers preserve and maintain all evidence pertaining to any claim or defense to the incident made the basis of this lawsuit, or the damages resulting therefrom, including but not limited to photographs; videotapes; audiotapes; recordings; business records, memoranda; files; facsimiles; e-mails; voicemails; text messages; sales receipts; invoices; commission records; tax records; telephone messages; telephone calling card transactions; calendar entries; diary entries; any incident report; and any electronic image, data or information related to the referenced incident. Failure to maintain such items, including but not limited to any other items previously requested and demanded to be preserved before the subject lawsuit ensued, will constitute a "spoliation" of the evidence and may subject Defendant to sanctions.

## VIII.
## TRCP 193.7

14.    Pursuant to Texas Rule of Civil Procedure 193.7, Defendant is hereby put on actual notice that any documents it produces in response to written discovery will be used in pretrial

proceedings and at trial and will be deemed authentic unless it makes valid objections to authenticity pursuant to this rule.

## IX.
## JURY DEMAND

15. Plaintiff hereby requests the causes of actions alleged herein be tried before a jury consisting of citizens residing in Cameron County, Texas.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon final hearing, Plaintiff has judgment for all damages in accordance with his pleadings and proof, for costs of Court herein expended, for interest, both pre- and post-judgment, to which he is entitled under the law, and for such other and further relief, both general and special, legal and equitable, to which he may be justly entitled.

Respectfully submitted,

**ABRAHAM, WATKINS, NICHOLS, AGOSTO, AZIZ & STOGNER**

By: */s/ Muhammad S. Aziz*
MUHAMMAD S. AZIZ
Texas Bar No. 24043538
DAVID J. BALUK
Texas Bar No. 24078186
800 Commerce Street
Houston, Texas 77002
Telephone: (713) 222-7211
Facsimile: (713) 225-0827
Email: maziz@awtxlaw.com
Email: dbaluk@awtxlaw.com

-and-

**IGNACIO G. MARTINEZ LAW FIRM**

By: */s/ Ignacio G. Martinez*
    IGNACIO G. MARTINEZ
    Texas Bar No. 24049105
    1205 N. Express
    Brownsville, Texas 78520
    Telephone: (956) 542-2264
    Facsimile: (956) 269-9007
    Email: ignacio@martinezlegal.com

**ATTORNEYS FOR PLAINTIFF**

| CITATION – PERSONAL SERVICE – TRCP 99 |
|---|

# THE STATE OF TEXAS

## 2021-DCL-03385-I

| Eddie Vela | § | IN THE 445TH DISTRICT COURT |
| VS | § | OF |
| Home Depot U.S.A., Inc. | § | CAMERON COUNTY, TEXAS |

TO  **Home Depot U.S.A., Inc.**
**Corporation Service Company d/b/a CSC-Lawyers Inco,**
**211 E. 7th Street, Suite 620**
**Austin TX  78701**

**NOTICE TO DEFENDANT:**  "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at **TexasLawHelp.org.**"    TRCP. 99

You are hereby commanded to appear by filing a written answer to **Plaintiff's Original Petition** at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable 445th District Court of Cameron County, at the Courthouse in said County in Brownsville, Texas. Said **Plaintiff's Original Petition** was filed in said court on **June 07, 2021**, in the above entitled cause.

2021-DCL-03385-I                                         Eddie Vela
                                                                        vs.
                                                                        Home Depot U.S.A., Inc.

The nature of Petitioner's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, on this the 7th day of June, 2021.

ATTORNEY:
**MUHAMMAD SULEIMAN A**
**24043538**
**713-222-7211**
**800 Commerce Street**
**Houston TX  77002**

**Laura Perez-Reyes**
District Clerk of Cameron County
974 E Harrison St.
Brownsville, Texas 78520

Signed: 6/7/2021 10:23:35 AM

By: _____
**Viviana Fuentes**, Deputy Clerk

| 2021-DCL-03385-I<br>445th District Court | Eddie Vela<br>vs.<br>Home Depot U.S.A., Inc. |
|---|---|

## RETURN OF SERVICE

Executed when copy is delivered:
This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of _____, 20_____.

NAME/ADDRESS FOR SERVICE                    _____Officer
_____      _____County, TX
_____
_____      By:_____Deputy

..........................................................................................

## OFFICERS RETURN

Came to hand on the _____ day of _____, at _____ o'clock ___m and _____ County, Texas, by delivering to each of the within named defendants in person, a true copy of this _____ with the date of delivery endorsed thereon, together with the accompanying copy of the _____ at the following times and places, to wit:

| NAME | DATE/TIME | PLACE/COURSE/DISTANCE FROM COURTHOUSE |
|---|---|---|
|  |  |  |

And not executed as to the defendant(s),_____
The diligence used in finding said defendant(s) being:
_____
and the cause or failure to execute this process is:
_____
and the information received as to the whereabouts of said defendant(s) being:
_____

FEES:                                         _____Officer
SERVING PETITION/COPY $_____            _____County, TX
TOTAL:               $_____
                                              By:_____Deputy

                                              _____
                                              AFFIANT

..........................................................................................

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty or perjury and contain the following statement:
"My name is _____, my date of birth is _____, my address is _____
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
EXECUTED in _____ County, State of _____, on the _____ day of _____. 20_____.

_____      _____
ID Number/Expiration of Certification           Declarant/Authorized Process Server

| CITATION – PERSONAL SERVICE – TRCP 99 |
|---|

# THE STATE OF TEXAS

## 2021-DCL-03385-I

| Eddie Vela | § | IN THE 445TH DISTRICT COURT |
| VS | § | OF |
| Home Depot U.S.A., Inc. | § | CAMERON COUNTY, TEXAS |

TO    **Home Depot U.S.A., Inc.**
**Corporation Service Company d/b/a CSC-Lawyers Inco,**
**211 E. 7th Street, Suite 620**
**Austin TX 78701**

**NOTICE TO DEFENDANT:** "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org." *TRCP. 99*

You are hereby commanded to appear by filing a written answer to **Plaintiff's Original Petition** at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable 445th District Court of Cameron County, at the Courthouse in said County in Brownsville, Texas. Said **Plaintiff's Original Petition** was filed in said court on **June 07, 2021**, in the above entitled cause.

2021-DCL-03385-I

Eddie Vela
vs.
Home Depot U.S.A., Inc.

The nature of Petitioner's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, on this the 7th day of June, 2021.

ATTORNEY:
**MUHAMMAD SULEIMAN**
24043538
713-222-7211
800 Commerce Street
Houston TX 77002

**Laura Perez-Reyes**
District Clerk of Cameron County
974 E Harrison St.
Brownsville, Texas 78520
Signed: 6/7/2021 10:23:35 AM

By: _____
**Viviana Fuentes**, Deputy Clerk

| 2021-DCL-03385-I<br>445th District Court | Eddie Vela<br>vs.<br>Home Depot U.S.A., Inc. |
|---|---|

## RETURN OF SERVICE

Executed when copy is delivered:
This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of _____, 20_____.

NAME/ADDRESS FOR SERVICE                                    _____Officer
_____                                      _____County, TX
_____
_____                        By:_____Deputy

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

## OFFICERS RETURN

Came to hand on the _08_ day of _June 2021_, at _7:43_ o'clock _A_ m and _____ County, Texas, by delivering to each of the within named defendants in person, a true copy of this _____ with the date of delivery endorsed thereon, together with the accompanying copy of the _____ at the following times and places, to wit:

| NAME | DATE/TIME | PLACE/COURSE/DISTANCE FROM COURTHOUSE |
|---|---|---|
|  |  |  |

And not executed as to the defendant(s),_____
The diligence used in finding said defendant(s) being:
_____
and the cause or failure to execute this process is:
_____
and the information received as to the whereabouts of said defendant(s) being:
_____

FEES:                                                        _____Officer
SERVING PETITION/COPY $_____                            _____County, TX
TOTAL:              $_____
                                              By:_____Deputy

                                                  _____
                                                  AFFIANT

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty or perjury and contain the following statement:
"My name is _____, my date of birth is _____, my address is _____

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
EXECUTED in _____ County, State of _____, on the _____ day of _____, 20_____.

_____                       _____
ID Number/Expiration of Certification         Declarant/Authorized Process Server